IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ADRIAN L. COOPER,**

      **Petitioner,**

v.                                   **CIVIL ACTION NO. 1:11cv178**
                                             **(Judge Keeley)**

**TERRY O'BRIEN, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On November 10, 2011, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. On January 23, 2012, he paid the required $5.00 filing fee. The petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his sentence imposed by the United States District Court for the Southern District of Illinois. This matter is pending before me for a Report and Recommendation pursuant to LR PL P 2.

### II. FACTS

On March 17, 1993, a grand jury issued a one-count indictment against the petitioner charging him and other unindicted co-conspirators with conspiracy to distribute and to possess with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2. On April 19, 1993, the government notified the petitioner and the district court that it was seeking an enhanced sentence based on four prior felony convictions (three drug offense and one weapons offense). The petitioner did not challenge the use of those convictions. Following a jury trial, the petitioner was found guilty as charged. At the sentencing hearing on October 8, 1993, the district court found a total offense level of 38, which consisted of a total drug quantity of at least 150 to 500 grams of

1

cocaine base, plus a two-level enhancement for possessing a dangerous weapon, and a two-level adjustment for being a leader in the offense; a Criminal History Category VI; and a sentencing guideline range of 360 months to life. The petitioner did not dispute any of these findings. The district court further found, that § 841(b)(1)(A)(ii)'s mandatory life provision applied because over 50 grams of cocaine base were involved in the offense, and because the petitioner had at least two prior drug felony convictions, the requisite number under the statute. Accordingly, the district court sentenced the petitioner to life in prison. On appeal the Seventh Circuit affirmed his conviction . See U.S. v. Cooper, 39 F.3d 167 (7th Cir. 1994). Thereafter, the petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. The United States District Court dismissed the petition as untimely. On appeal, the District Court's dismissal was affirmed. See Cooper v. U.S., 199 F.3d 898 (7th Cir. 1999). On September 19, 2011, the petitioner filed an application seeking leave to file a second or successive Motion to Vacate. In his application, the petitioner alleged that the Supreme Court's decision in Begay v. United States, 553 U.S. 137 (2008), rendered the calculation of his life sentence improper. More specifically, he contended that his life sentence was predicated on a prior felony offense of aggravated assault that should not have been counted as a "violent felony" under the Armed Career Criminal Act ("ACCA"). 28 U.S.C. § 841(b)(10(A)(iii). The Seventh Circuit found that even if the petitioner was correct, his allegation did not satisfy the criteria for authorization because Begay does not announce a new rule of constitutional law. Instead, the Court concluded it construed a statute. Therefore, the Court denied his application for permission to file a successive motion to vacate. (Case 11-3128, United States Court of Appeals for the Seventh Circuit, October 3, 2011). The petitioner now attacks the validity of his sentence via a §2241 petition in which he asserts that he is actually innocent of the predicate offense of aggravated assault and cites Begay, supra, again for support.

### III. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, the petitioner asserts that he is actually innocent of the career offender

3

enhancement. However, in order to raise a claim of actual innocence under § 2241, the petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.[1] This the petitioner has not, and cannot, do. Even if the petitioner satisfied the first and the third elements of Jones, the crimes for which the petitioner was convicted remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Therefore, because the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's petition be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d

---

[1] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); see also Herrera v. Collins, 506 U.S. 390, 404 (1993) ( "A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal v. Taylor, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

4

91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

      The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet..

DATED: January 25, 2012

                                            s/ *John S. Kaull*

                                            JOHN S. KAULL
                                            UNITED STATES MAGISTRATE JUDGE