IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ADRIAN L. COOPER,

      Petitioner,

v.                     //        CIVIL ACTION NO. 1:11CV178
                                      (Judge Keeley)

TERRY O'BRIEN, WARDEN,

      Respondent

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation concerning the § 2241 petition filed by Adrian L. Cooper ("Cooper"). For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation ("R&R"). (Dkt. No. 13).

**I.**

On November 10, 2011, Cooper, proceeding pro se, filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he alleged that he is "actually innocent of the offense charged, that is 'aggravated assault' which offense is the predicate offense to ascertain the career offender status under U.S.S.G. § 4B1.2[, w]hich offense is not a violent offense." The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a R&R in accordance with LR PL P 2.

**COOPER V. O'BRIEN**                                                       **1:11CV178**

### ORDER ADOPTING REPORT AND RECOMMENDATION

Magistrate Judge Kaull issued an Opinion and R&R on October 24, 2012, in which he recommended that Cooper's § 2241 petition be denied and dismissed without prejudice. (Dkt. No. 34). Pursuant to In re Jones, 226 F.3d 328 (4th Cir. 2000), Magistrate Judge Kaull determined that Cooper is not entitled to relief under § 2241 because he has not established that § 2255 is an inadequate or ineffective remedy for his claims. Cooper filed timely objections to the R&R in which he contends that he has, indeed, satisfied the requirements of In re Jones. (Dkt. no. 15). After conducting a de novo review, the Court concludes that Cooper's objections are without merit.

### II.

On March 17, 1993, a grand jury issued a one-count indictment against Cooper, charging him with conspiracy to distribute and to possess with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2. United States v. Cooper, 39 F.3d 167, 169 (7th Cir. 1994). On April 19, 1993, the Government notified Cooper that it would seek an enhanced sentence based on four prior felony convictions: three drug offenses and one weapons offense. Id. Following a three-day trial, the jury found Cooper guilty as charged. Id.  On October 8, 1993, the district court

2

**COOPER V. O'BRIEN**                                                    **1:11CV178**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

> found a total offense level of 38, which consisted of a
> total drug quantity of at least 150 to 500 grams of
> cocaine base, U.S.S.G. § 2D1.1(a)(c)(5), plus a two-level
> adjustment for possessing a dangerous weapon, U.S.S.G. §
> 2D1.1(b)(1), and a two-level adjustment for being a
> leader in the offense, U.S.S.G. § 3B1.1(c); a Criminal
> History Category of VI; and a sentencing guideline range
> of 360 months to life. Cooper did not dispute any of
> these findings. The district court further found, that §
> 841(b)(1)(A)(iii)'s mandatory life term provision applied
> because over 50 grams of cocaine base were involved in
> the offense, and because Cooper had at least two prior
> drug felony convictions, the requisite number under the
> statute. Accordingly, the district court sentenced Cooper
> to life in prison . . . .

Id. at 171.

On appeal, the Seventh Circuit affirmed Cooper's conviction.

See id. at 173. Cooper then filed a motion to vacate pursuant to 28

U.S.C. § 2255, which the district court dismissed as untimely

filed. Cooper v. United States, Case No. 97-cv-1041-WLB (S.D. Ill.,

filed Dec. 29, 1997), aff'd, 199 F.3d 898 (7th Cir. 1999).

### III.

While Cooper's petition is not a model of clarity, the

magistrate judge perceived from it that Cooper seeks to reduce his

life sentence because, he contends, it was predicated on a prior

felony offense of aggravated assault that should not count as a

crime of violence. Cooper's theory fails for two reasons.

Fundamentally, Cooper's sentence did not include an Armed Career

Criminal Act ("ACCA"), 28 U.S.C. § 841(b)(10(A)(iii), enhancement.

**COOPER V. O'BRIEN**                                                    **1:11CV178**

### ORDER ADOPTING REPORT AND RECOMMENDATION

Instead, the district court sentenced Cooper to life pursuant to the mandatory life sentence provision of 21 U.S.C. § 841(b)(1)(A)(iii).[1]

Second, where, as here, a petitioner seeks to attack the imposition of his sentence, rather than its execution, he may only seek a writ of habeas corpus pursuant to § 2241 by demonstrating that § 2225 is "inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255(e) (the "savings clause"); see also In re Jones, 226 F.3d at 332. Section 2255 is inadequate or ineffective where:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34.

"Fourth Circuit precedent does not support the extension of the savings clause to petitioners who challenge only their

---

[1]     That subsection provides, in relevant part, that "[i]f any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence."

**COOPER V. O'BRIEN**                                              **1:11CV178**

**ORDER ADOPTING REPORT AND RECOMMENDATION**
_____

sentences." <u>Petty v. O'Brien</u>, No. 1:11CV9, 2012 WL 509852 (N.D.W.

Va. Feb. 15, 2012) (citing <u>United States v. Poole</u>, 531 F.3d 263,

267 n.7 (4th Cir. 2008)). Rather, the § 2255 savings clause is

"confined [] to instances of actual innocence of the underlying

offense of conviction," not just "innocence" of a sentencing

factor. <u>Darden v. Stephens</u>, 426 F. App'x 173, 174 (4th Cir. 2011)

(per curiam) (emphasis added) (refusing to extend the savings

clause to reach the petitioner's claim that he was actually

innocent of being a career offender).

   Here, the Court founded Cooper's life sentence on his relevant

drug conduct (over 50 grams of cocaine base) and two prior drug

felony convictions. <u>See</u> <u>Cooper</u>, 39 F.3d at 171. Cooper does not

assert that the conduct that formed the basis for the predicate

convictions is no longer criminal. <u>Cf.</u> <u>In re Jones</u>, 226 F.3d at 334

("subsequent to the prisoner's direct appeal and first § 2255

motion, the substantive law changed such that the conduct of which

the prisoner was convicted is deemed not to be criminal").

Accordingly, he is not entitled to proceed under § 2241. <u>See, e.g.</u>,

<u>Green v. Hemingway</u>, 67 F.App'x 255, 257 (6th Cir. 2003); <u>Kinder v.

Purdy</u>, 222 F.3d 209, 213–14 (5th Cir. 2000); <u>Prince v. O'Brien</u>, No.

1:12CV64, 2013 WL 441370 (N.D.W. Va. Feb. 5, 2013).

**COOPER V. O'BRIEN**                                                         **1:11CV178**

### ORDER ADOPTING REPORT AND RECOMMENDATION

#### IV.

For the reasons discussed, the Court:

(1)  **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 13);

(2)  **DENIES** Cooper's § 2241 petition (dkt. no. 1); and

(3)  **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court.

If the petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: August 16, 2013.


                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE